IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Keith Aaron Vann, #91011-111, | ) | C.A. No. 1:17-1149-HMH-SVH |
| | ) | |
| Plaintiff, | ) | **OPINION & ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, and | ) | |
| Rick Perkins, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Keith Aaron Vann ("Vann"), a federal prisoner proceeding pro se, is in the custody of the Bureau of Prisons ("BOP") at Federal Correctional Institution in Estill, South Carolina ("FCI-Estill"). Vann alleges a negligence claim against the Defendants. Defendants filed a motion for summary judgment on August 18, 2017.[2] (Mot. Summ. J., ECF No. 19.) Magistrate Judge Hodges recommends granting the Defendants' motion for summary judgment. (R&R, ECF No. 24.) After review, the court adopts the

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

[2] Although titled as a summary judgment motion, Defendants' motion states that it is being brought pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Both parties presented materials outside of the pleadings. Thus, the motion is properly considered as a summary judgment motion pursuant to Rule 12(d) of the Federal Rules of Civil Procedure.

1

magistrate judge's Report and Recommendation and grants the Defendants' motion for summary judgment.

## I. FACTUAL AND PROCEDURAL HISTORY

Vann alleges that the Defendants were negligent in providing maintenance care for the continuous positive airway pressure ("CPAP") machine he uses daily. (Compl., ECF No. 1.) Vann alleges that he woke up with a severe headache, heart palpitations, labored breathing, chest pains, and a runny nose on October 2, 2016, as a result of improper maintenance of his CPAP machine. (Id. at ¶¶ 7-8, ECF No. 1.) Vann claims damages of $25,000,000.00 for his physical, mental and emotional pain and distress. (Id. at ¶ 9, ECF No. 1.)

## II. REPORT AND RECOMMENDATION

First, Magistrate Judge Hodges recommends granting the Defendants' motion for summary judgment on the negligence claim against Defendant Rick Perkins, the Assistant Health Services Administrator, because the court lacks subject matter jurisdiction over Federal Tort Claims Act ("FTCA") claims against individual defendants. (R&R 4-5, ECF No. 24.) Second, Magistrate Judge Hodges recommends granting the Defendants' motion for summary judgment on the negligence claim because the Defendants did not breach their duty of care to Vann. (Id. at 9, ECF No. 24.) Additionally, the magistrate judge recommends granting summary judgment finding that even if Vann could show the Defendants breached their duty of care, the evidence does not show that Vann suffered any injury or loss as a result of the Defendants' negligence or wrongful act or omission. (Id. at 10, ECF No. 24.)

### III. DISCUSSION OF THE LAW

#### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. County of Chesterfield, 95 F.3d 1263, 1265 (4th Cir. 1996). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987).

#### B. Objections to the Report and Recommendation

Vann filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is

accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Vann's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean two specific objections. First, Vann objects to the magistrate judge's finding that the BOP did not breach its duty of care. (Objs., generally, ECF No. 26.) Second, Vann objects that his medical records were "fraudulently altered, changed, deleted, or otherwise changed." (Id. at 3, ECF No. 26.)

The FTCA provides for a limited waiver of the Government's sovereign immunity from suit by allowing a plaintiff to recover damages in a civil action

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Under the FTCA, the court determines liability "in accordance with the law of the place where the act or omission occurred." Id. Accordingly, because Vann's allegations of negligence occurred while he was housed at FCI-Estill, South Carolina law governs.

To establish a claim of negligence in South Carolina, a plaintiff must prove: (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty. Bloom v. Ravoira, 529 S.E.2d

4

710, 712 (S.C. 2000).  Under 18 U.S.C. § 4042, the BOP owes an affirmative legal duty to "provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States . . ." 18 U.S.C. § 4042(a)(2).  For purposes of an FTCA claim, the duty the BOP owed Vann is one of reasonable care or ordinary diligence.  See Buchanan v. United States, 915 F.2d 969, 971 (5th Cir. 1990) (18 U.S.C. § 4042 "requires the exercise of ordinary diligence to keep prisoners safe and free from harm"); Owens v. Haas, 601 F.2d 1242, 1249 (2d Cir. 1979), cert. denied, 444 U.S. 980 (1979) (stating that "the federal government owes a duty of reasonable care"); Johnson v. United States Gov't, 258 F. Supp. 372, 376 (E.D. Va. 1966) (holding that duty of care "only requires the exercise of ordinary diligence under the circumstances").

Vann argues that the BOP breached its duty of care by failing to properly maintain his CPAP machine.  (Objs. 7-8, ECF No. 26.)  Specifically, Vann alleges that the BOP was aware that he needed a new CPAP machine and CPAP supplies.  (Id., ECF No. 26.)  Vann claims that he sent several electronic messages and a documentation of informal resolution, known as a BP-8, concerning the need for CPAP supplies.[3]  (Id. at 8, ECF No. 26.)  The electronic message to

---

[3] The proper procedure for inmate grievances is set forth by the Administrative Remedy Process.  First, an inmate files a documentation of informal resolution, known as a BP-8, with their correctional counselor.  (Mot. Summ. J. Ex. 2 (Williams Decl. ¶ 3), ECF No. 19-2.)  The matter is investigated and the inmate is given a response.  (Id. Ex. 2 (Williams Decl.¶ 3), ECF No. 19-2.)  Second, if the inmate is dissatisfied, the inmate may file a formal request, known as a BP-9, with the Warden.  (Id. Ex. 2 (Williams Decl. ¶ 3), ECF No. 19-2.)  Third, if the inmate is dissatisfied with the Warden's response, the inmate may file a regional administrative appeal, known as a BP-10. (Id. Ex. 2 (Williams Decl. ¶ 3), ECF No. 19-2.)  Finally, the inmate may appeal this decision by filing a central office administrative appeal, known as a BP-11.  (Id. Ex. 2 (Williams Decl. ¶ 3), ECF No. 19-2.)  If the inmate does not receive a response from any of the filings, the inmate can consider the remedy or appeal as denied and proceed to the next step. (Mot. Summ. J. Ex. 2 (Williams Decl. ¶ 4), ECF No. 19-2.)

Health Services directed Vann to "[f]ollow up at open house" for new CPAP supplies on June 24, 2016. (Id. Ex. E (Electronic Message 3), ECF No. 26-6.) Vann alleges he followed up at open house "only to find the door locked." (Id. at 8, ECF No. 26.) In addition, Vann alleges the BP-8 filed on July 30, 2016, establishes that the BOP knew that he was in need of CPAP supplies. (Objs. Ex. E (Informal Resolution Doc. Form), ECF No. 26-6.) The BP-8 was not signed by Vann's correctional counselor or unit manager. Further, Vann has not provided any evidence that he appealed the BP-8 by filing a BP-9.

In addition, there is no evidence that Vann reported to Health Services on October 2, 2016, when he alleges he was experiencing a "severe headache, heart palpitations, labored breathing, chest pains, and a runny nose" due to his CPAP machine malfunctioning. (Compl. ¶ 7-8, ECF No. 1.) Vann missed an optometrist appointment on October 6, 2016. (Mot. Summ. J. Ex. 4 (BOP Health Services 52-4), ECF No. 19-4.) In addition, Vann was seen at Health Services on October 27, 2016, and "appear[ed] well and without medical complaint." (Id. Ex. 4 (BOP Health Services 56), ECF No. 19-4.) Based on the foregoing and a review of the record, there is no evidence that the BOP breached its duty of reasonable care owed to Vann. Further, even if the BOP did breach its duty, Vann has failed to provide any evidence showing that the BOP's breach of any duty of care caused him any damages.

Second, Vann attempts to discount the Report and Recommendation by arguing that his medical records were fraudulently altered in this case. (Objs. 3, ECF No. 26.) Vann provides three declarations from other inmates in support of this argument; however, these declarations provide bare assertions and conclusory allegations. (Id. Ex. F (Decl. Fuller), Ex. G (Decl. Shields), Ex. H (Decl. Nore), ECF No. 26.) As such, the declarations fail to support Vann's

claims that his records were altered. See Jones v. Hendricks, No. 04-1658, 2006 WL 861018, at *2 (3d Cir. Apr. 4, 2006) (unpublished) (rejecting similar argument because the inmate "provided no support . . . that the prison's documents were falsified.").

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Hodges' Report and Recommendation.

Therefore, it is

**ORDERED** that the Defendants' motion for summary judgment, docket number 19, is granted.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
October 30, 2017

## NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.